# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| XYNERGY HEALTHCARE CAPITAL II LLC, <br><br> Plaintiff, <br><br> v. <br><br> MUNICIPALITY OF SAN JUAN, et al. <br><br> Defendants. | CIVIL NO.: 18-1208 (MEL) |

## OPINION AND ORDER

Xynergy Healthcare Capital II LLC ("Xynergy") filed an amended complaint against GEODATAPR International, Inc. ("Geodata") and the Municipality of San Juan ("the Municipality") on August 26, 2018. ECF No. 20. Xynergy alleges that Defendants failed to comply with the terms of a contract by which Geodata sold its accounts receivable from the Municipality to Xynergy. Id. Pending before the court is the Municipality's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). ECF No. 35. In the pending motion, the Municipality contends that the contract between Geodata and Xynergy is invalid due to its failure to comply with the requirements of Municipal Regulation 8873. Id.

Regulation 8873 states that "[a]ll of the disbursements made by the municipality will be made directly to the persons or entities who have rendered the services or provided the supplies or materials." ECF No. 35-1, at 3. "There are exempted from issuing payment vouchers in favor of persons who are direct creditors, only when the amounts to be paid by the municipality are assigned or transferred through a contract executed before a Notary Public or any other official authorized to effect or recognize deeds and certificates." Id. at 4.

In its response in opposition to the motion to dismiss, Xynergy does not deny that its contract with Geodata was not executed before a Notary Public. ECF No. 46. However, in the amended complaint, Xynergy alleges that on February 20, 2014, it notified the Municipality that Geodata had sold its accounts receivable from the Municipality to Xynergy. ECF No. 20, at 10. Xynergy also alleges that from 2014 to March 2018, the Municipality issued checks to the order of both Geodata and Xynergy. Id.

It is unclear how the Municipality can now argue that the contract between Geodata and Xynergy was invalid if it honored the terms of that contract by issuing checks to the order of Xynergy for four years. However, the Municipality filed a motion to dismiss the amended complaint in lieu of an answer, so it has not admitted or denied Xynergy's allegation. Further, Xynergy made the same allegation in its original complaint (ECF No. 1, at 4), and in its answer, the Municipality denied it (ECF No. 8, at 2). Thus, granting the motion to dismiss would require the court to assume certain facts to be true that appear to be in dispute. A motion for summary judgment might be a better vehicle through which to address this matter.

Accordingly, the Municipality's motion to dismiss (ECF No. 35) is DENIED. The Municipality shall file an answer to the amended complaint on or before September 26, 2019.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of September, 2019.

s/Marcos E. López<br>U.S. Magistrate Judge